# MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court Southern | District Texas (Houston Division) |
|---|---|
| Name: Rusty Eugene Duke, | Case No.: H-12-272-07 |
| Place of Confinement: USP Florence | Prisoner No.: |
| UNITED STATES OF AMERICA v. | Movant (include name under which convicted) Rusty Eugene Duke |

## MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: _____
   U.S.D.C. for the S.D.TEX. (Houston Division)

   (b) Criminal docket number (if you know): H-12-272-07

2. Date of the judgment of conviction: December 9th, 2015
3. Length of sentence: 216 months
4. Nature of crime (all counts): RICO

5. (a) What was your plea? (Check one)

   (1) Not guilty · ·        (3) Nolo contendere (no contest) · ·
   (2) Guilty ✗✗

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to? _____
   N/A

6. Kind of trial: (Check one)

Jury · · Judge only · · N/A

7. Did you testify at the trial?

    Yes · · No · ·    N/A

8. Did you appeal from the judgment of conviction?

    Yes · · No N/A

9. If you did appeal, answer the following:

    (a) Name of court: _____N/A_____

    (b) Docket number (if you know): _____N/A_____

    (c) Result: _____N/A_____

    (d) Date of result (if you know): _____N/A_____

    (e) Citation to the case (if you know): ____N/A_____

    (f) Grounds raised: _____N/A_____

    _____

    _____

    _____

    _____

    _____

    (g) Did you file a petition for certiorari in the United States Supreme Court?   Yes · · No XX·

    If "Yes," answer the following:

    (1) Docket number (if you know): ____N/A_____

    (2) Result: _____N/a_____

    (3) Date of result (if you know): _____N/A_____

    (4) Citation to the case (if you know): ____N/A_____

    (5) Grounds raised: _____N/A_____

    _____

    _____

    _____

    _____

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

    Yes · · No XX

11. If your answer to Question 10 was "Yes," give the following information:

    (a) (1) Name of court: _____N/A_____

        (2) Docket number (if you know): ____N/A_____

        (3) Nature of the proceeding: _____N/A_____

(4) Grounds raised: _____ N/A _____

_____

_____

_____

_____

_____

_____

_____

_____

(5) Did you receive a hearing where evidence was given on your motion, petition, application?

    Yes • • No ×××

(6) Result: _____

(7) Date of result (if you know): ___ N/A ___

(b) If you filed any second motion, petition, or application, give the same information:

  (1) Name of court: _____ N/a _____

  (2) Docket number (if you know): ___ N/A ___

  (3) Nature of the proceeding: ___ N/A ___

  (4) Grounds raised: _____ N/A _____

_____

_____

_____

_____

_____

_____

(5) Did you receive a hearing where evidence was given on your motion, petition, or application?

    Yes • • No ××

(6) Result: _____ N/A _____

(7) Date of result (if you know): ___ N/A ___

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

  (1) First petition:    Yes • • No ××•

  (2) Second petition:    Yes • • No • •

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not: _____ N/A _____

_____

_____

12. For this motion, state <u>briefly</u> every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. Summarize briefly the <u>facts</u> supporting each ground.

<u>CAUTION: If you fail to set forth all the grounds in this motion, you may be barred from presenting additional grounds at a later date.</u>

For your information, the following is a list of the most frequently raised grounds for relief. Each one is a separate ground for possible relief. You may raise other grounds besides those listed. However, <u>you should raise in this motion all available grounds</u> (relating to this conviction or sentence) on which you base your claim that you are being held in custody unlawfully.

- Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.
- Conviction obtained by use of coerced confession.
- Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
- Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
- Conviction obtained by a violation of the privilege against self-incrimination.
- Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
- Conviction obtained by a violation of the protection against double jeopardy.
- Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
- Denial of effective assistance of counsel.
- Denial of right of appeal.

<u>Do not check</u> any of these listed grounds. If you select one or more of these grounds for relief, you must set out in the space provided below the facts that support your claims.

**GROUND ONE:** See Attached Motion

(a) Supporting facts (Do not argue or cite law. Just briefly state the facts that support your claim.): _____

See Attached motion

_____
_____
_____

(b) Direct Appeal of Ground One:

   (1) If you appealed from the judgment of conviction, did you raise this issue?

   Yes • • No **xxx**

   (2) If you did not raise this issue in your direct appeal, briefly explain why: _____
   N/A
   _____

(c) Post-Conviction Proceedings:

   (1) Did you raise this issue in any post-conviction motion, petition, or application?

   Yes • • No **xxx**

   (2) If your answer to Question (c)(1) is "Yes," state the type of motion, petition, or application, the name and location of the court where the motion or petition was filed, the case number (if you know), the date of the court's decision, and the result. Attach a copy of the court's opinion or order, if available. _____
   N/A
   _____
   _____
   _____

   (3) Did you receive a hearing on your motion, petition, or application?

   Yes • • No **xxx**

   (4) Did you appeal from the denial of your motion, petition, or application?

   Yes • • No **xxx**

   (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

   Yes • • No **xxx**

   (6) If your answer to Question (c)(4) is "Yes," state the name and location of the court where the appeal was filed, the case number (if you know), the date of the court's decision, and the result. Attach a copy of the court's opinion or order, if available. _____
   N/A
   _____
   _____
   _____

   (7) If your answer to Question (c)(4) or Question (c)(5) is "No," briefly explain: _____
   N/A
   _____
   _____
   _____

GROUND TWO: _____ See Attached Motion _____

(a) Supporting facts (Do not argue or cite law. Just briefly state the facts that support your claim.): _____

_____ See Attached Motion _____

(b) Direct Appeal of Ground Two:

   (1) If you appealed from the judgment of conviction, did you raise this issue?

   Yes · · No XXX

   (2) If you did not raise this issue in your direct appeal, briefly explain why: _____
   N/A

(c) Post-Conviction Proceedings:

   (1) Did you raise this issue in any post-conviction motion, petition, or application?

   Yes · · No XXX

   (2) If your answer to Question (c)(1) is "Yes," state the type of motion, petition, or application, the name and location of the court where the motion or petition was filed, the case number (if you know), the date of the court's decision, and the result. Attach a copy of the court's opinion or order, if available. _____
   N/a

   (3) Did you receive a hearing on your motion, petition, or application?

   Yes · · No XXX

   (4) Did you appeal from the denial of your motion, petition, or application?

   Yes · · No XXX

   (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

   Yes · · No XXX

   (6) If your answer to Question (c)(4) is "Yes," state the name and location of the court where the appeal was filed, the case number (if you know), the date of the court's decision, and the result. Attach a copy of the court's opinion or order, if available. _____ N/A

_____ N/A _____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," briefly explain: _____

_____ N/A _____

GROUND THREE: _____ See Attached motion _____

(a) Supporting facts (Do not argue or cite law. Just briefly state the facts that support your claim.): _____

_____ See Attached Motion _____

(b) Direct Appeal of Ground Three:

   (1) If you appealed from the judgment of conviction, did you raise this issue?

      Yes • • No • •

   (2) If you did not raise this issue in your direct appeal, briefly explain why: _____

(c) Post-Conviction Proceedings:

   (1) Did you raise this issue in any post-conviction motion, petition, or application?

      Yes • • No • •

   (2) If your answer to Question (c)(1) is "Yes," state the type of motion, petition, or application, the name and location of the court where the motion or petition was filed, the case number (if you know), the date of the court's decision, and the result. Attach a copy of the court's opinion or order, if available. _____

   (3) Did you receive a hearing on your motion, petition, or application?

      Yes • • No • •

   (4) Did you appeal from the denial of your motion, petition, or application?

Yes • • No XXX

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes • • No XXX

(6) If your answer to Question (c)(4) is "Yes," state the name and location of the court where the appeal was filed, the case number (if you know), the date of the court's decision, and the result. Attach a copy of the court's opinion or order, if available. _____
N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," briefly explain: _____
N/A

GROUND FOUR: _____ See Attached motion _____

(a) Supporting facts (Do not argue or cite law. Just briefly state the facts that support your claim.): _____
See Attached Motion

(b) Direct Appeal of Ground Four:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes • • No • •

(2) If you did not raise this issue in your direct appeal, briefly explain why: _____

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes • • No • •

(2) If your answer to Question (c)(1) is "Yes," state the type of motion, petition, or application, the name and

location of the court where the motion or petition was filed, the case number (if you know), the date of the court's decision, and the result. Attach a copy of the court's opinion or order, if available. _____

_____ N/A _____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

    Yes • •  No XXX

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes • •  No XXX

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes • •  No XXX

(6) If your answer to Question (c)(4) is "Yes," state the name and location of the court where the appeal was filed, the case number (if you know), the date of the court's decision, and the result. Attach a copy of the court's opinion or order, if available. _____

_____ N/A _____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," briefly explain: _____

_____ N/A _____

_____

13. Is there any ground in this motion that has <u>not</u> been presented in some federal court? If so, which ground or grounds have not been presented, and briefly state your reasons for not presenting them: _____

_____ N/A _____

_____

_____

_____

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?    Yes • •  No XXX

If "Yes," state the name and location of the court, the case number, the type of proceeding, and the issues raised. _____

_____ N/A _____

___N/A___

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

    (a) At preliminary hearing: ___See Docket Sheet___

    (b) At arraignment and plea: ___See Docket Sheet___

    (c) At trial: ___N/A___

    (d) At sentencing: ___See Docket Sheet___

    (e) On appeal: ___N/A___

    (f) In any post-conviction proceeding: ___See Docket Sheet___

    (g) On appeal from any ruling against you in a post-conviction proceeding: ___N/A___

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?   Yes • •No **xxx**

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   Yes • •No **xxx**

    (a) If so, give name and location of court that imposed the other sentence you will serve in the future: ___N/A___

    (b) Give the date the other sentence was imposed: ___N/A___

    (c) Give the length of the other sentence: ___N/A___

    (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?   Yes • •No **xxx**

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as codified in 28 U.S.C. § 2255 does not bar your motion.*

*Filed within one year of Davis and Jones decision in compliance with Dodd v. United States, 162 L.Ed.2d 343 (2005)*

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as codified in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —
  (1) the date on which the judgment of conviction became final;
  (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
  (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
  (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the relief to which he or she may be entitled.

_N/A_
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion Under 28 U.S.C. § 2255 was placed in the prison mailing system on _____ _____ (month, date, year).

Executed (signed) on _3-30-20_ (date).

_[signature]_
Signature of Movant (required)

* * * * *

Model Form for Use in 28 U.S.C. § 2255 Cases

Involving a Rule 9 Issue (Abrogated)

[The advisory committee is developing a new form that makes extensive revisions to the existing form.]

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

RUSTY EUGENE DUKE,

V.  CIVIL ACTION NO: H-15-3692
CRIMINAL ACTION NO: H-12-272-07

UNITED STATES OF AMERICA, /

MOTION SEEKING HABEAS CORPUS RELIEF UNDER 28 U.S.C. § 2255(f)(4)
------------------------------------------------------------------------

COMES NOW Rusty Eugene Duke, petitioner requesting that the above captioned motion be GRANTED for the below listed reasons:

FACTS OF CASE

The petitioner along with his co-defendant, were members of the Aryan Brotherhood of Texas ("ABT"), a "whites only" prison-based gang, primarily operating in Texas. In May 2012, a federal grand jury in Houston, Texas, returned a one-count indictment against Terry Glenn Sillers for conspiracy to participate in racketeering activity, in violation of Title 18 U.S.C. § 1985. In October 2012, a federal grand jury returned a seventeen-count superceeding indictment against 34 additional individuals, including Rusty Eugen Duke, for various counts of racketeering conspiracy. In February 2013, a second superceeding indictment with eighteen counts was returned. Petitioner was cahrged in Court 1 for conspiracy to participate in a racketeering enterprise, begining on or about 1993 and up to October 2012, in violation of Title 18 U.S.C. § 1962(d), and in violation of Title 18 U.S.C. § 1965(a)(5) and 2.

On August 13, 2014, petitioner appeared before the Court with his trial counsel [Robert A. Jones] and pleaded guilty to Count One of the second superceding indictment, racketeering conspiracy, under the provisions of a written plea agreement.

-1-

In the PSR, the probation officer assigned Duke a base offense level of 33 for one of the underlying acts, attempted murder of James Head. An additional level enhancement was added for being deemed an organizer, leader, supervisor, or manager. Petitioner's based offense level for conspiracy to distribute at least 350 grams of methamphetamine was 30. Although petitioner's combined adjusted level was 36, petitioner was erroneously deemed a career offender due to his criminal history pursuant to USSG §4B1.1, and his offense level was increased to level 37. Petitioner's lengthy criminal history netted him a Criminal History Category VI.

Petitioner filed two objections to his PSR prior to sentencing. Petitioner objected to the leader/organizer enhancement, to having attempted murder be counted as part of the racketeering conspiracy that netted him a total offense level of 36, and to being characterized a career offender which resulted in a higher total offense level of 37, and to his criminal history calculation. Petitioner also filed a sentencing memorandum in which he sought a downward departute based on his severe drug and alcohol abuse, emotional condition, lack of guidance as a youth, and for prompt acceptance of responsibility.

A reduction of three levels was made for acceptance of responsibility. With the reduction for acceptance of responsibility, petitioner total offense level was 34, CHC VI, with an advisory guideline range of 262 to 327 months.

The court held a sentencing hearing on December 9th, 2015. Petitioner stated that he had read the PSR prior to sentencing and had discussed it with counsel.

The Court overruled all the objections filed by Duke, and adopted the pre-sentence report in its entirety. The Court did not revoke the three level for acceptance of responsibility, but did explicitly state that the petitioner was not being credible.

The Court then inposed a term of imprisonment of 216 months, the maximum allowed under the written plea agreement. The sentence imposed was a significant variance from the correctly computed adivisory guideline range of 262 to 327 months. The term of imprisonment was also to be followed by a five-year term of supervised release. The Court did not impose a fine, but did impose $100 in special assessment costs. The Court also granted the United States motion to dismiss the remaining count of the indictment. The Court reminded petitioner that he had waived his rights to appeal his conviction or sentence. Petitioner did not file a notice of appeal.

Petitioner did not file a "notice of appeal" from the judgment, and his conviction became final upon the expiration of the fourteen-day period for filing a notice of appeal after the entry of judgment. Petitioner's judgment of conviction became final on December 26th, 2014, the last day on which he could have filed a direct appeal.

Petitioner had one year from the date on which the judgment of conviction became final to file his § 2255. Petitioner filed his initial § 2255 on December 22, 2015, within one year from his judgment of conviction on 12/26/14.

On June 26, 2016 the District Court entered a decision to deny petitioner's 28 U.S.C. § 2255 petition. See Exhibit 1 attached.

SECOND IN TIME PETITION

Petitioner comes in light of Johnson v. United States, 576 U.S.___ (2015), line of cases inwhich Johnson was made retroactively applicable in Welch v. United States, 194 L.Ed. 2d. 387(2016). Johnson line of cases include Sessions v. Dimaya, 200 L.Ed.2d 549 (2018), and United States v. Davis, 204 L.Ed.2d 757 (2019).

Petitioner asserts that each of these decisions are retroactively applicable and this court has jurisdiction under 2255(f)(4).

-3-

## 28 U.S.C. § 2255(f)(4)

Under § 2255(f)(4), petitioner asserts that "although Congress did not define the phrease 'second and successive', . . . the phrase does not simply "refe[r] to all section § 2255 applications filed second or successfully in time.'" Magwood v. Patterson, 561 U.S. 320, 322 (201)). The Supreme Court permits a petitioner to pursue another petition without prior authorization from a court of appeal in three situations. First, a petitioner may proceed when he raises a claim which was not ripe at the time of his first application. See Panetti v. Quarterman, 551 U.S. 930, 947 (2007) ("We are hesitant to construe a statute, implemented to further principles of comity, finality, and federalism, in a manner that would require unripe (and often factually unsupported) claims to be raised as a mere formality, to the benefit of no party."). Second, a petitioner may proceed when he raises a claim which was dismissed from his first application as premature, but is now ripe. See Stewart v. Martinez-Villerael, 525 U.S. 637, 643-44 (1998)("There was only one application for habeas relief, and the District Court ruled (or should have ruled) on each claim at the time if became ripe. Respondent was entitled to an adjudication of all the claims presented in his earlier, undoubtedly reviewable, application for habeas relief).

Finally, a petitioner may proceed when he raises a claim which was previously dismissed for lack of exhaustion. See Slack v. McDaniel, 529 U.S. 473 (2000) ("[A] habeas petition which is filed after an intial petition was dismissed without adjudication on the merits for failure to exhaust state remedies is not a 'seccond or successive' petition as that term is understood in the habeas corpus context.").

So the petitioner claims that the Johnson line of cases were unripe when he timely filed his § 2255, and on August 12th, 2019 it became clear that RICO conspiracy is not a crime of violence and cannot be used as a predicate for a crime of violence.

CLAIM II:

RACKEETERING (RICO) IS NOT A PREDICATE FOR CRIME OF VIOLENCE

At sentencing, counsel, this court, nor the prosecution did not understand the basic requirements of the career offender definition, despite its outsized impact on Mr. Duke's guideline imprisonment range. The career offender definition at U.S.S.G. § 4B1.1 contains three subsections, all of which must be satisfied to declare an individual a "career offender". Subsection (a)(2) of the career offender definition requires the "instant offense of conviction" to be a "felony that is either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a)(2). The governemnt will not dispute the Mr. Duke's instant offense, ("RICO"), is neither a crime of violence nor a controlled substance offense. See United States v. Jones 935 F.3d 266 (August 12, 2019)(5th Cir. 2019)

In Jones the Fifth Circuit vacated 18 U.S.C. § 924 convictions were vacated because error under United States v. Davis, affected defendant's substantial rights. Record evidence demonstrated a reasonable probability that the jury would not have convicted defendant's of § 924 offenses if the invalid RICO Conspiracy crime of violence predicate were not included on the verdict form. The Fifth Circuit Court of Appeals held: "In defendants' appeal, which argued that their 18 U.S.C. § 924
> convictions were in error, prong one of the plain error review
> framework was satisfied because it was error to permit the jury
> to convict appellants under § 924 based on RICO conspiracy as a
> crime of violence; The government concede prongs two and four
> of plain error review: that the error was both plain because of
> United States v. Davis, opinions were issued while the appeal was
> pending and the Davis error increased appellants' sentences sign-
> ifcantly; Under prong three of the plain error review, the Davis
> error affected defendants; substantial rights. The record evidence
> demonstrated a reasonable probability that they jury would not have
> convicted defendants of the § 924 offenses if the invalid RICO Con-
> spiracy crime of violence predicate were not included on the verdict
> form.

Now in Mr. Duke's case he is arguing that his RICO conspiracy is not a predicte for "crime of violence" and challenging the fact that in light of Johnson II, Dimaya and Davis he is not a career offender because his instant offense is not

a crime of violence.

CLAIM II

MISCARRIAGE OF JUSTICE/ACTUAL INNOCENCE

Just like in United States v. Wheeler 734 Fed. Appx. 893 (2018) Mr. Duke claims that he is "Actually Innocent" of career offender status, due to the fact his predicate offense is not a "Crime Of Violence". See Hill v. Master, 836 F.3d 591 (6th Cir. 2016). Mr. Duke asserts that his misapplied [in light of Davis and Jones] career-offender enhancement is a miscarriage of justice where he lacks the predicate crime of violence and/or drug offense to justify such characterization. Also See Brown v. Caraway, 719 F.3d 583 (7th Cir. 2013).

CLAIM III

INEFFECTIVE ASSISTANCE OF COUNSEL ON INITIAL § 2255

Mr. Duke hereby claim that his 28 U.S.C. § 2255 counsel was ineffective for failing to raise a "timely Johnson v. United States, 576 U.S. ___ (2015) claim."
For counsel had at its disposal Johnson II and Welch v. United States, 194 L.Ed. 387 (2016), and when Mr. Duke asked his counsel did this case apply to him. Counsel advised him that it did not and that it was only for Armed Career Criminal Act and that since I am just a Career Criminal that I could not qualify.

This advise was prejudicial and harm Mr. Duke by keeping him under the stigma of a Career Offender Enhancement status. When in fact the misapplied sentence has hurt Mr. Duke from allocution to the court for a lesser sentence. See Federal Rules of Criminal Procedure 32(i)(4)(A).

## RELIEF REQUESTED

Petitioner Rusty Eugene Duke, hereby request that the above captioned 28 U.S.C. § 2255 petition be treated as a " Second In Time Petition" and allow his petition to go forward without having to file an "application" for a "Second and Successive 28 U.S.C. § 2255". Therefore he request that in the "interest of justice" that his Career Offender status be Vacated and that he be resentenced without the stigma as a Career Offender. In the alternative Mr. Duke request that if this court finds that he must file a "second and/or successive petition that a "Court Appointed Counsel be" assigned to assist Mr. Duke in this matter. If this Honorable Court seeks to remove the Career Offender Status and resentence Mr. Duke he request that he be allowed to "allocute" the "new" sentence.

Executed On: 3/30/2020

Respectfully Submitted,

/s/ _____
Rusty Eugene Duke #

Rusty E. Duke #15714-070
United States Penatentiary - Florence
P.O. 7000
Florence, Co. 81226

United States Courts
Southern District of Texas
FILED
APR 9 2020
David J. Bradley, Clerk of Court

United States Courts
Southern District of Texas
FILED
APR 9 2020
David J. Bradley, Clerk of Court

Clerks Office
U.S.D.C For the S.D.TX. (Houston Divison)
515 Rusk St.
Houston, TX. 77002