IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

RUSTY EUGENE DUKE,                §
BOP #15714-078,                   §
                                  §
            Petitioner,           §
                                  §   CIVIL ACTION NO. H-20-1280
v.                                §   (CRIMINAL NO. H-12-272-07)
                                  §
UNITED STATES OF AMERICA,         §
                                  §
            Respondent.           §

## MEMORANDUM OPINION AND ORDER

The petitioner, Rusty Eugene Duke, has filed his second Motion
Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by
a Person in Federal Custody ("Duke's Second § 2255 Motion") (Docket
Entry No. 1545), seeking relief from the sentence that he received
in <u>United States v. Duke</u>, Criminal No. H-12-272-07 (S.D. Tex.).[1]
The court has carefully reviewed the criminal action.  Based upon
this review and the application of governing legal authorities, the
court concludes that the Duke's Second § 2255 Motion must be
dismissed for the reasons explained below.

## I.  Background

The background and procedural history of the underlying
criminal conviction and sentencing has been set forth at length

---

[1]Duke's Second § 2255 Motion has been assigned Civil Action
No. H-20-1280 for administrative purposes. Unless otherwise noted,
all docket entries are from Criminal No. H-12-272-07, and all page
numbers reference the pagination imprinted by the court's
Electronic Case Filing ("ECF") system.

previously in the court's order denying Duke's first motion for relief under 28 U.S.C. § 2255.[2]  What follows is a summary of the procedural history of this case as it relates to Duke's Second § 2255 Motion.

Duke and 35 other members of the Aryan Brotherhood of Texas ("ABT") were charged with multiple counts of conspiracy to commit "racketeering activity" in violation of 18 U.S.C. § 1962(d).[3]  Duke, in particular, was charged with committing a violent crime in aid of racketeering activity, namely the attempted murder of James Head, in violation of 18 U.S.C. §§ 1959(a)(5) and 2.[4]  After Duke entered a guilty plea pursuant to a written plea agreement,[5] the court sentenced him to 216 months' imprisonment on December 9, 2014.[6]  Because Duke did not appeal, the judgment that was formally entered against him on December 11, 2014,[7] became final when his time to appeal expired on December 26, 2014.[8]

---

[2]Findings of Fact and Conclusions of Law, Docket Entry No. 1491, pp. 1-19.

[3]Second Superseding Indictment, Docket Entry No. 469, pp. 1-47.

[4]See id. at 41.  The facts outlining Duke's involvement are set forth with more detail in the Presentence Investigation Report ("PSR"), Docket Entry No. 1191, pp. 12-17.

[5]Plea Agreement, Docket Entry No. 978, pp. 1-18.

[6]Transcript of Sentencing, Docket Entry No. 1405, p. 16.

[7]Judgment in a Criminal Case, Docket Entry No. 1281, p. 1.

[8]Duke's Second § 2255 Motion, Docket Entry No. 1545, p. 15 (acknowledging that his time to appeal expired December 26, 2014).

On December 22, 2015, Duke filed his first motion for relief under 28 U.S.C. § 2255.[9] In that motion Duke challenged the validity of his guilty plea, arguing that he was denied effective assistance of counsel in connection with the sentence he received under the terms of the plea agreement.[10] After holding an evidentiary hearing on that issue, the court denied relief and dismissed Duke's motion with prejudice on June 16, 2016.[11] Duke did not seek a certificate of appealability or appeal that decision.

On April 9, 2020, the court received Duke's Second § 2255 Motion, which also challenges the sentence that he received.[12] Duke now contends that he is entitled to relief because his sentence was improperly enhanced under the "career offender" provision found in § 4B1.1 of the United States Sentencing Guidelines because racketeering is not a "crime of violence."[13] Duke concedes that this is his second request for relief under § 2255, and he seeks permission to pursue a successive challenge to his sentence under the line of cases established by United States v. Johnson, 135 S.

---

[9]Motion Under 28 U.S.C. § 2255 to Vacate, Correct, or Set Aside, Docket Entry No. 1453, pp. 1-12.

[10]See id. at 4.

[11]Findings of Fact and Conclusions of Law, Docket Entry No. 1491, pp. 1-19.

[12]Duke's Second § 2255 Motion, Docket Entry No. 1545, pp. 1-12. Duke's Second § 2255 Motion incorporates a "Motion Seeking Relief Under 28 U.S.C. § 2255(f)(4)," Docket Entry No. 1545, pp. 13-20, which the court treats as an attached memorandum of law.

[13]See id. at 16-18.

Ct. 2551 (2015), including:  <u>Welch v. United States</u>, 136 S. Ct. 1257 (2016), <u>Sessions v. Dimaya</u>, 138 S. Ct. 1204 (2018), and <u>United States v. Davis</u>, 139 S. Ct. 2319 (2019).[14]  Duke maintains that he is "actually innocent" of the sentence enhancement that he received under the career-offender guideline and that the attorney who represented him during the evidentiary hearing held on his first motion under § 2255 was constitutionally ineffective for failing to argue that the enhancement was erroneous under <u>Johnson</u>.[15]

## II.  <u>Analysis</u>

In <u>Johnson</u>, which was decided on June 26, 2015, the Supreme Court struck down a sentence enhancement imposed under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), holding that the statutory definition for a "violent felony" found in the "residual clause" was void for vagueness in violation of the Due Process Clause.  See <u>Johnson</u>, 135 S. Ct. at 2563.  The holding in <u>Johnson</u> was made retroactive to cases on collateral review in <u>Welch</u>, 136 S. Ct. at 1268, and has been extended to invalidate similar statutory residual clauses used for purposes of enhancing a sentence where the defendant has committed a violent felony or "crime of violence."  See <u>Dimaya</u>, 138 S. Ct. at 1223 (invalidating the residual-clause definition for a "crime of violence" found in

---

[14]See <u>id.</u> at 15–16.

[15]See <u>id.</u> at 18–19.

18 U.S.C. § 16(b)); Davis, 139 S. Ct. at 2323-24 (invalidating a similar residual clause found in 18 U.S.C. § 924(c)).

Although the Supreme Court has held that void-for-vagueness challenges do not apply to enhancements made under the Sentencing Guidelines, Beckles v. United States, 137 S. Ct. 886, 895 (2017), Duke's claim that the holding in Johnson applies to the sentence enhancement he received under § 4B1.1 of Sentencing Guidelines was available when he sought relief in the first motion that he filed under § 2255 on December 22, 2015. Thus, Duke's Second § 2255 Motion is proscribed by a gatekeeping provision found in the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), codified at 28 U.S.C. § 2255(h). See United States v. Orozco-Ramirez, 211 F.3d 862, 867 (5th Cir. 2000) (holding that an application for relief under § 2255 is "second or successive when it: (1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ").

Under the AEDPA a second or successive motion under § 2255 must be certified as provided in 28 U.S.C. § 2244 by a panel of the appropriate court of appeals to contain --

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by

> the Supreme Court, that was previously
> unavailable.

28 U.S.C. § 2255(h). The plain language of § 2255(h) provides that this court cannot entertain a second or successive motion unless a panel of the United States Court of Appeals for the Fifth Circuit authorizes the filing of such a motion. "Indeed, the purpose of this provision was to eliminate the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first found that those challenges had some merit." United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000) (citing In re Cain, 137 F.3d 234, 235 (5th Cir. 1998)). Because Duke has not complied with § 2255(h) by obtaining authorization to file a successive motion for relief from his conviction and sentence, Duke's Second § 2255 Motion will be dismissed for lack of jurisdiction.

## III. Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that the district court must issue or deny a certificate of appealability when it enters a "final order adverse to the applicant." A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Tennard v.

-6-

_Dretke_, 124 S. Ct. 2562, 2565 (2004) (quoting _Slack v. McDaniel_, 120 S. Ct. 1595, 1604 (2000)).  Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling."  _Slack_, 120 U.S. at 1604.  The court concludes that the defendant does not meet the criteria for a certificate of appealability in this case.  Therefore, a certificate of appealability will not issue.

### IV.  Conclusion and Order

Accordingly, it is **ORDERED** that

1.  The Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence filed by Rusty Eugene Duke (Docket Entry No. 1545) is **DISMISSED without prejudice** as an unauthorized second or successive application.

2.  A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this the 14th day of April, 2020.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE