United States District Court
Southern District of Texas
**ENTERED**
October 16, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NUMBER H-12-272-07 |
| | § | |
| RUSTY EUGENE DUKE, | § | |
| | § | |
| Defendant. | § | |

## **MEMORANDUM OPINION AND ORDER**

Rusty Eugene Duke ("Defendant") has filed a Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) and First Step Act of 2018 ("Defendant's Motion for Compassionate Release") (Docket Entry No. 1660). The United States has filed its Opposition to Defendant's Motion for Compassionate Release ("Government's Response") (Docket Entry No. 1671), and Defendant has filed Defendant's Reply to Government's Response in Opposition to Motion for Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A) ("Defendant's Reply") (Docket Entry No. 1672). For the reasons explained below, Defendant's Motion for Compassionate Release will be denied.

### **I. Background**

The Aryan Brotherhood of Texas ("ABT") is a violent "whites only" prison-based gang that operates throughout Texas.[1] Defendant

---

[1] Final Presentence Investigation Report ("Final PSR"), Docket Entry No. 1191, p. 8 ¶ 7.

held a high ranking leadership position in ABT and "directed subordinate members and associates of the [ABT] in carrying out unlawful activities in furtherance of the conduct of the [ABT's] affairs."[2]

On February 20, 2013, Defendant and 35 other members of the ABT were charged with multiple counts of conspiracy to commit "racketeering activity" in violation of 18 U.S.C. § 1962(d).[3] Defendant was charged with conspiracy to commit racketeering activity because of his role in the attempted murder of James Head ("Head").[4] In July of 2011, because Defendant believed that Head was stealing drugs from the ABT enterprise, Defendant "ordered a subordinate ABT gang member to kill [Head]"[5] and additionally supplied the subordinate ABT member with the weapon to do so.[6] Defendant was also charged with conspiracy to commit racketeering activity because he "participated in the distribution of methamphetamine by selling methamphetamine for the ABT on multiple occasions."[7]

On August 13, 2014, Defendant pleaded guilty to conspiracy to commit racketeering activity in violation of 18 U.S.C. § 1962(d)

---

[2]Id. at 10 ¶ 18.

[3]Second Superseding Indictment, Docket Entry No. 469, pp. 1-7.

[4]Id. at 22 ¶ qq; Final PSR, Docket Entry No. 1191, p. 16 ¶ 48.

[5]Second Superseding Indictment, Docket Entry No. 469, p. 22 ¶ qq.

[6]Id. ¶ rr.

[7]Final PSR, Docket Entry No. 1191, p. 16 ¶ 48.

pursuant to a written plea agreement.[8]  On December 9, 2014, the court sentenced him to 216 months' imprisonment.[9]

On December 22, 2015, Defendant filed his first motion for relief under 28 U.S.C. § 2255.  Defendant argued that his plea was invalid because he was denied effective assistance of counsel in connection with the sentence he received under the terms of the Plea Agreement.[10]  After holding an evidentiary hearing, the court denied Defendant's Motion and dismissed the action with prejudice on June 16, 2016.[11]  Defendant did not seek a certificate of appealability ("COA").

On April 9, 2020, Defendant filed his second motion for relief under 28 U.S.C. § 2255.[12]  Defendant argued that his sentence was improperly enhanced because racketeering was not a crime of violence.[13]  The court dismissed Defendant's Second Motion without prejudice on April 14, 2020.[14]  Defendant sought a COA to appeal the

---

[8]Plea Agreement, Docket Entry No. 978, p. 1 ¶ 1.

[9]Transcript of Sentencing, Docket Entry No. 1405, p. 1 and p. 16 line 13.

[10]Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody ("Defendant's Motion"), Docket Entry No. 1453, pp. 1, 4.

[11]Findings of Fact and Conclusions of Law, Docket Entry No. 1491, p. 1; Final Judgment, Docket Entry No. 1492.

[12]Defendant's Second Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody ("Defendant's Second Motion"), Docket Entry No. 1545.

[13]Id. at 16–18.

[14]Memorandum Opinion and Order, Docket Entry No. 1546, p. 7.

denial of his Second Motion on May 15, 2020.[15] The Fifth Circuit denied Defendant's motion for a COA on May 5, 2021.[16]

On January 13, 2025, Defendant filed this Motion for Compassionate Release.[17] On June 13, 2025, the Government filed its response in opposition to Defendants's Motion for Compassionate Release.[18] Defendant filed a reply to the Government's response on July 21, 2025.[19]

## II. Legal Standard

In <u>United States v. Jackson,</u> 27 F.4th 1088, 1089 (5th Cir. 2022), the court stated the requirement for obtaining compassionate release under § 3582(c):

> . . . [A] prisoner seeking compassionate release must overcome three hurdles. First, "extraordinary and compelling reasons" must justify the reduction of his sentence. 18 U.S.C. § 3582(c)(1)(A)(i). Second, the reduction must be "consistent with applicable policy statements issues by the Sentencing Commission." <u>Id.</u> § 3582(c)(1)(A). Finally, the prisoner must persuade the district court that his early release would be consistent with the sentencing factors in 18 U.S.C. § 3553(a). <u>Id.</u> "The district court has discretion to deny compassionate release if the Section 3553(a) factors counsel against a reduction." <u>Ward v. United States,</u> 11 F.4th 354, 360 (5th Cir. 2021).

---

[15]Notice of Appeal, Docket Entry No. 1549, p. 1; Notice of Filing of an Appeal, Docket Entry No. 1550.

[16]Order of United States Court of Appeals for the Fifth Circuit, Docket Entry No. 1578, p. 2.

[17]Defendant's Motion for Compassionate Release, Docket Entry No. 1660.

[18]Government's Response, Docket Entry No. 1671.

[19]Defendant's Reply, Docket Entry No. 1672.

"We understand 'extraordinary' to mean 'beyond or out of the common order,' 'remarkable,' and synonymous with 'singular.'" United States v. Escajeda, 58 F.4th 184, 186 (5th Cir. 2023) (quoting Webster's New International Dictionary 903 (2d. ed. 1934; 1950)). Under the United States Sentencing Guidelines, "district courts may consider the following extraordinary and compelling circumstances in their analysis: (1) medical circumstances of the defendant; (2) age of the defendant; (3) family circumstances of the defendant; (4) whether the defendant, while in custody, was a victim of abuse; (5) other reasons similar in gravity to those previously described; and (6) a change in the law resulting in the defendant receiving an unusually long sentence." United States v. Hamilton, Criminal Action No. H-17-418, 2024 WL 4052336, at *2 (S.D. Tex. Aug. 19, 2024).

The § 3553(a) factors are:

**(1)** the nature and circumstances of the offense and the history and characteristics of the defendant;

**(2)** the need for the sentence imposed–

  **(A)** to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

  **(B)** to afford adequate deterrence to criminal conduct;

  **(C)** to protect the public from further crimes of the defendant; and

  **(D)** to provide the defendant with needed educational or vocational training, medical

        care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for-

    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines-

* * *

(5) any pertinent [Sentencing Commission] policy statement-

* * *

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

### III. Analysis

Defendant seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i),[20] citing his own poor health and his "unusually long sentence."[21] The Government argues that Defendant has failed to exhaust his administrative remedies with the Bureau of Prisons ("BOP") and that Defendant's medical condition and sentence term do

---

[20] Because Defendant is not 70 years old, has not served at least 30 years in prison, and has not been deemed to no longer be a danger to society, Defendant cannot be granted compassionate release under 18 U.S.C. § 3582(c)(1)(A)(ii).

[21] Defendant's Motion for Compassionate Release, Docket Entry No. 1660, pp. 18-23.

not qualify as extraordinary and compelling reasons for a reduction under the Sentencing Guidelines.[22]

Pursuant to 18 U.S.C. § 3582(c)(1)(A) a defendant may not bring a motion for compassionate release unless he has exhausted his administrative appeals with the BOP or the facility warden has not acted on such a request within 30 days. Defendant has failed to show that he has satisfied either condition.[23]

Moreover, even if Defendant had exhausted his administrative remedies he is not entitled to compassionate release because he has not demonstrated extraordinary and compelling reasons for reducing his sentence and because the § 3553(a) factors counsel against a reduction.

### A. Defendant Has Not Demonstrated Extraordinary and Compelling Reasons for Reducing His Sentence.

1. <u>Defendant is Being Treated for His Ankylosing Spondylitis.</u>

Defendant argues that he is entitled to compassionate release under U.S.S.G. § 1B1.13(b)(1)(C) because the BOP has not provided him with physical therapy, supplements, or a good environment for his ankylosing spondylitis ("AS").[24]

---

[22] Government's Response, Docket Entry No. 1671, pp. 2-7.

[23] To establish he has exhausted his administrative remedies, Defendant states that he "filed a request for compassionate release to the Warden at USP Canaan" and did not receive a response in 30 days. Defendant's Motion for Compassionate Release, Docket Entry No. 1660, p. 17. Defendant's bare assertion that he has exhausted administrative remedies does not satisfy the prerequisite condition for the court's consideration of Defendant's Motion for Compassionate Release.

[24] Defendant's Motion for Compassionate Release, Docket Entry No. 1660, pp. 18-20.

To prevail under U.S.S.G. § 1B1.13(b)(1)(C), a defendant "must establish that [he] is suffering from (1) a medical condition (2) that requires long-term or specialized medical care (3) that is not being provided and (4) without which [he] is at risk of death or serious deterioration in [his] health." Hamilton, 2024 WL 4052336, at *5.

Defendant has failed to establish that he is not being provided long-term medical care. He admits that he has "undergone several tests to address his condition," "has been assessed by specialists," and is receiving "injectable medication [Humira] to manage his medical issue."[25] Defendant's "disagreement with the care and treatment [he] is receiving . . . does not establish that [he] is being denied long-term . . . medical care." Hamilton, 2024 WL 4052336, at *6 (holding that the defendant was not being deprived of long-term care despite not receiving "all of the medications recommended" by the doctor).

2. Defendant's Sentence is Not Unusually Long.

Defendant argues that he is entitled to compassionate release under U.S.S.G. § 1B1.13(b)(6) because he has served 10 years of his unusually long sentence.[26]

Under U.S.S.G. § 1B1.13(b)(6), a defendant may be entitled to compassionate release if he can show that (1) his sentence is

---

[25] Id. at 19.

[26] Id. at 22-23.

unusually long, (2) he has served 10 years of his sentence, and (3) there has been a change in the law that would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed. See United States v. Cordoba, No. 24-10599, 2025 WL 799354, at *1 (5th Cir. March 13, 2025) (holding that though there was a change in the sentencing guidelines, the defendant had not shown extraordinary and compelling circumstances because his sentence was still at the low end of the revised guidelines range).

Defendant is not entitled to compassionate release under U.S.S.G. § 1B1.13(b)(6). Defendant's sentence is not unusually long considering that he originally faced a recommended sentence of 360 months to life,[27] but was only sentenced to 216 months' imprisonment[28] pursuant to his plea agreement.[29] Nor has Defendant pointed to any change in the law that would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed.

**B. The § 3553(a) Factors Counsel Against a Reduction.**

Although Defendant did not present any arguments as to why the § 3553(a) factors weigh in favor of reducing his sentence, the court nevertheless is "obligated to consider the Section 3553(a)

---

[27] Final PSR, Docket Entry No. 1191, p. 29 ¶ 128.

[28] Judgment in a Criminal Case, Docket Entry No. 1281, p. 2.

[29] Plea Agreement, Docket Entry No. 978.

-9-

factors before deciding whether to order compassionate release." Ward v. United States, 11 F.4th 354, 360 (5th Cir. 2021).

The court first considers the nature and circumstances of the offense. See 18 U.S.C. § 3553(a)(1). Defendant was a high ranking member of the ABT, a violent "whites only" prison gang,[30] who was not only responsible for supervising the criminal activities of ABT, but was also responsible for ordering the killings of rival gang members and subordinate ABT members.[31] In this case, Defendant was charged with conspiracy to commit racketeering activity due to his managerial role in the attempted murder of Jason Head as well as his role in selling methamphetamine for ABT.[32] Defendant's active role in such a serious offense makes a sentence reduction inappropriate.

The court must also consider the need for the sentence imposed. See 18 U.S.C. § 3553(a)(2). As discussed above, Defendant was heavily involved in violent, gang-related activity. Defendant has been convicted of twelve other offenses including burglary, assault, and drug trafficking.[33] Given the seriousness of the Defendant's criminal history and the likelihood that he may commit future crimes, the court finds that the original sentence

---

[30] Final PSR, Docket Entry No. 1191, p. 8 ¶ 7, p. 10 ¶ 18.

[31] Id. at 10 ¶ 18.

[32] Id. at 16-17 ¶ 48.

[33] Id. at 20-24 ¶¶ 80-91.

satisfies the fairness, deterrence, and public protection considerations of §§ 3553(a)(2)(A)-(C).

The court therefore concludes that the § 3553(a) factors weigh against granting Defendant's Motion for Compassionate Release.

## IV.   Conclusion and Order

Having carefully considered the Defendant's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) and First Step Act of 2018 (Docket Entry No. 1660), the court concludes that it should be and is hereby **DENIED**.

**SIGNED** at Houston, Texas, on this 16th day of October, 2025.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE